# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) ) | |
| v. | ) | Criminal No. 94-0021 (ESH) |
| **RALPH J. PREPETIT,** | ) ) ) | |
| **Defendant.** | ) ) | |

## MEMORANDUM OPINION AND ORDER

On April 29, 2005, the Court revoked defendant Ralph J. Prepetit's supervised release in the above-captioned case and sentenced him to 24 months imprisonment. Seeking to vacate that judgment, he has filed the following motions: (1) a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b); (2) a petition for a writ of audita querela pursuant to 28 U.S.C. § 1651; (3) a motion to reopen the supervised release violation hearing based on newly discovered evidence; and (4) a motion to vacate, set aside or modify his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, all of defendant's motions are denied.

## BACKGROUND

On September 22, 1994, defendant was convicted of two counts of bank fraud in violation of 18 U.S.C. § 1344, one in the above-captioned case and one in Criminal No. 94-0267.[1] He was sentenced to concurrent terms of 37 months imprisonment to be followed by concurrent five-year terms of supervised release. After defendant was released from federal prison, he was transferred to State custody. He was released from State custody on May 17,

---

[1] The presiding judge in both cases was United States District Judge Thomas F. Hogan.

1999, and transferred to the custody of Immigration and Customs Enforcement ("ICE"). On December 24, 1999, he was released from ICE custody. According to the Probation Office, defendant's five-year term of supervision began that day, with a scheduled expiration date of December 23, 2004.

On February 16, 2004, the United States Probation Office charged defendant with violating the conditions of his supervised release and asked the Court to issue a warrant and hold a hearing on the alleged violations. The Court issued a warrant (the "First Warrant") and held an initial hearing on April 28, 2004. At that hearing, the Court revoked defendant's supervised release and set a sentencing date of May 19, 2004.[2] The sentencing date was continued several times, with the result that on December 16, 2004, a week before defendant's term of supervision was scheduled to expire, the Probation Office re-alleged the violations set forth in its February 26, 2004 memorandum and requested another warrant (the "Second Warrant"). (Probation Request for Course of Action at 2, Dec. 16, 2004.) Under 18 U.S.C. § 3583(i), the court's

> power . . to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment . . . *extends beyond the expiration of the term of supervised release* for any period reasonably necessary for the adjudication of matters arising before its expiration *if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.*

---

[2]Judge Hogan presided at that hearing. The "Minute Entry" on the docket reads as follows:

Minute Entry for proceedings held before Judge Thomas F. Hogan: Hearing on Violation of Supervised Release as to RALPH JOHN PREPETIT held on 4/28/2004. Court finds defendant has violated the conditions of his Supervised Release. Defendant's Supervised Release is revoked. Sentencing continued for 5/19/2004 09:30 AM before Chief Judge Thomas F. Hogan. Defendant committed/commitment issued. (Court Reporter Miller Reporting Co., Kay Moomey) (erd) (Entered: 05/03/2004)

18 U.S.C. § 3583(i) (emphasis added).  Although the First Warrant had been issued in February 2004, it was not supported by oath or affirmation, which a recent decision from the Ninth Circuit, *United States v. Vargas-Amaya*, 389 F.3d 901, 904 (9th Cir. 2004), had held was required in order to give the court jurisdiction to consider alleged violations of supervised release after the term of supervision expired.  Thus, in order "to ensure that the Court ha[d] jurisdiction to consider the alleged violations and to conduct a violation hearing beyond the December 23, 2004, expiration date" (12/16/04 Probation Mem. at 2), the Second Warrant request was supported by oath or affirmation.

On January 19, 2005, the above-captioned case and Criminal No. 94-0267 were reassigned to the undersigned in order to consolidate them with a new criminal case against defendant, Criminal No. 04-353, in which defendant had entered a plea of guilty on August 6, 2004.  On April 29, 2005, this Court sentenced defendant in all three cases.  In Criminal No. 04-0353, defendant was convicted of one count of "access device fraud" in violation of 18 U.S.C. § 1029(a)(2) and sentenced 120 months imprisonment to be followed by 3 years of supervised release.  In the above-captioned case, Criminal No. 94-0021, defendant's supervised release was revoked and he was sentenced to 24 months imprisonment, to run consecutively to his sentence in Criminal No. 04-0353.  And in Criminal No. 94-0267, defendant's supervised release was revoked and he was sentenced to 24 months imprisonment, to run consecutively to both his sentence in Criminal No. 04-0353 and his sentence in Criminal No. 94-0021.

On August 18, 2011, defendant filed a motion for relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b), along with a petition for a writ of audita querela.  On September 1, 2011, he filed a motion to reopen his revocation proceeding based on newly

discovered evidence or to vacate or set aside the revocation judgment pursuant to 28 U.S.C. § 2255.

**ANALYSIS**

Underlying each of defendant's motions is the same substantive argument: that the Court should vacate the judgment of revocation because the Court did not have jurisdiction to revoke his supervised release. Defendant's argument rests on a recent decision by the Fifth Circuit Court of Appeals that held that a prisoner transferred to ICE custody has been "released from imprisonment" under 18 U.S.C. § 3624(e) and, therefore, his term of supervised release begins that same day.[3] *United States v. Garcia-Rodriguez*, 640 F.3d 129, 132 (5th Cir. 2011) ("We therefore hold that administrative detention by ICE does not qualify as imprisonment and that, for purposes of § 3624(e), [a prisoner] [i]s 'released from imprisonment' the moment he [i]s transferred from BOP custody to ICE custody to await deportation."). If this Court were to adopt the holding of *Garcia-Rodriguez*, defendant's term of supervised release commenced in May 1999 and expired in May 2004. As the Second Warrant was issued in December 2004, it would

---

[3]Section 3624(e), entitled "[s]upervision after release," provides that:

[a] prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. *The term of supervised release commences on the day the person is released from imprisonment* and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. *A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days*.

18 U.S.C. § 3624(e) (emphasis added).

4

not have extended the Court's power to act after the expiration of supervision. *See* 18 U.S.C. § 3583(i) (power to revoke after supervision expires requires that "before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation"). As for the First Warrant, defendant argues, citing *Vargas*, that it could not have extended the court's power under § 3583(i) because it was not supported by oath or affirmation. Accordingly, defendant argues that the Court lacked jurisdiction to revoke his supervised release.

## I. DEFENDANT'S EXCLUSIVE REMEDY IS A § 2255 MOTION

Despite defendant's citation to different legal theories, as a federal prisoner claiming the "right to be released upon the ground . . . that the court was without jurisdiction to impose such sentence," 28 U.S.C. § 2255(a),[4] his "exclusive remedy," is a motion pursuant to § 2255. *See Fouche v. Mukasey*, 296 Fed. Appx. 74 (D.C. Cir. 2008) (defendant's "complaint constituted a collateral attack on his conviction and sentence, which must be pursued by motion pursuant to 28 U.S.C. § 2255 in the sentencing court; or, if the § 2255 remedy is inadequate or ineffective, by a habeas petition under 28 U.S.C. § 2241 in the judicial district where appellant's custodian is located"); *Mathison v. United States*, 648 F. Supp. 2d 106, 111 (D.D.C. 2009). Thus, defendant's motion to reopen based on newly discovered evidence, his motion for relief pursuant

---

[4]Section 2255(a) provides that:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

to Federal Rule of Civil Procedure 60(b),[5] and his petition for a writ of audita querela[6] must be denied.

## II.     DEFENDANT'S § 2255 MOTION IS BARRED BY THE APPLICABLE LIMITATIONS PERIOD

A motion brought under 28 U.S.C. § 2255 is subject to a "1-year period of limitation" which runs "from the latest of–

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

---

[5]Irrespective of § 2255, defendant's attempt to rely on Federal Rule of Civil Procedure 60(b) would fail because Rule 60(b) is not the appropriate vehicle for challenging a criminal conviction or sentence. *Fouche v. Mukasey*, 296 Fed. Appx. 74, 74 (D.C. Cir. 2008) ("Appellant may not seek relief from a criminal sentence under Fed. R. Civ. P. 60(b), because Rule 60(b) is not applicable to criminal proceedings.")

[6]"The common law writ of audita querela permitted a defendant to obtain relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment." *United States v. Ayala*, 894 F.2d 425, 427 (D.C. Cir.1990) (internal quotation marks omitted). "In this Circuit, however, the writ of audita querela is cognizable only if a defendant raises 'a legal objection not cognizable under the existing scheme of postconviction remedies.'" *United States v. Gross*, 707 F. Supp. 2d 18, 20 (D.D.C. 2010) (quoting *Ayala*, 894 F.2d at 426). "The writ of audita querela may not, therefore, be used to circumvent the limitations of filing § 2255 motions[.]" *Id.* (internal quotations omitted).

As defendant's motion was filed on September 1, 2011, clearly more than one-year after his judgment of conviction became final, his motion is barred by the statute of limitations unless subsection (2), (3), or (4) applies. It is clear from defendant's filings and the record in this case that none of these subsections applies. Defendant has not claimed, and the Court discerns no basis for making such a claim, that there was an "impediment to making a motion created by government action in violation of the Constitution and laws of the United States." *Id.* § 2255(f)(2). Similarly, defendant does not claim, nor could he, that his motion is based on a right "newly recognized by the Supreme Court" and "made retroactive to cases on collateral review." *Id.* § 2255(f)(3). Indeed, the Supreme Court has never addressed the issues raised in either *Vargas*[7] or *Garcia-Rodriguez*. Finally, subsection (4) does not apply because notwithstanding defendant's attempt to characterize his claim as based on "newly discovered evidence," it is solely based on an alleged change in law – the Fifth Circuit's decision in *Garcia-Rodriguez*. And given subsection (3), it is impossible to conclude that a change in law based on a court of appeals decision could be a new "fact" within the meaning of subsection (4). *See E.J.R.E. v. United States*, 453 F.3d 1094 (8th Cir. 2006).

Accordingly, the Court concludes that defendant's § 2255 motion is barred by the applicable statute of limitations.

---

[7]Post-*Vargas*, the only two circuit courts to have considered the question have rejected the Ninth Circuit's interpretation of § 3583(i). *See United States v. Garcia-Avalino*, 444 F.3d 444, 447 (5th Cir. 2006) (rejecting the notion "that there is an implicit sworn-facts requirement embedded in the very meaning of the word 'warrant' as a legal term," and concluding that the district court had jurisdiction over the defendant under § 3583(i) regardless of whether the warrant was supported by sworn facts); *United States v. Collazo-Castro*, 2011 WL 4495851 (1st Cir. 2011) (holding that neither § 3583(i) nor the Fourth Amendment require a warrant based on an oath or affirmation to revoke an individual on supervised release).

## CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that defendant's pending motions to vacate his judgment of revocation and sentence [dkt. #'s 43, 46 & 47] are **DENIED**.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: October 7, 2011